# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-232V
UNPUBLISHED

|  |  |
|---|---|
| VICTORIA LEMING and KEVIN LEMING, Parents and Natural Guardians of A.L., a Minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 4, 2020 <br><br> Special Processing Unit (SPU); Ruling on Entitlement; Table Injury; Diphtheria-tetanus-acellular pertussis (DTaP) Vaccine; Measles-mumps-rubella-varicella (MMRV) Vaccine; Haemophilus influenzae type b (Hib) vaccine Thrombocytopenic Purpura (ITP) |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On February 14, 2018, Victoria and Kevin Leming filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of their minor child, A.L. Petitioners alleges that a measles-mumps-rubella-varicella ("MMRV"), a diphtheria-tetanus-acellular pertussis ("DTaP"), and/or a Haemophilus influenzae type b ("Hib") vaccine that A.L. received on September 6, 2016, caused her to suffer from immune thrombocytopenic purpura ("ITP"), immune

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

dysfunction, and immunodeficiency.  Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 12, 2019, Special Master Dorsey issued a Ruling on Facts finding that Petitioners successfully "established A.L.'s alleged injury meets the severity requirement described in §300aa-11(c)(1)(D) of the Vaccine Act." ECF No. 41 at 9. In reaction, on November 2, 2020, Respondent filed an Amended Rule 4(c) Report indicating that while preserving his right to appeal the July 12, 2019 Ruling, he agrees Petitioners have "otherwise satisfied the legal prerequisites for compensation under the Vaccine Act." Respondent's Rule 4(c) Report at 2 (citing 42 U.S.C. §§ 300aa-11(c)(1)(D), 300aa-13(a)(1)).

Specifically, Respondent stated as follows:

In light of the Special Master's fact ruling and medical record evidence submitted in this case, [the Secretary] has concluded that petitioners' daughter, A.L., suffered an episode of ITP related to her September 6, 2016 MMRV vaccination. In addition, A.L. suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13.

*Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation. A Damages Order will issue.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master